**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | | |
|---|---|---|
| TYQUAN STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:18-CV-75-TLS |
| | ) | |
| PARKCENTER BEHAVIORAL HEALTH, INC., and SHARON ALTHOLZ, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Tyquan Stewart, a Plaintiff proceeding pro se, filed a Complaint [ECF No. 1] on March 29, 2018, against Defendants Parkcenter Behavioral Health and Sharon Altholz. He contemporaneously filed a Motion for Leave to Proceed in forma pauperis [ECF No. 2].

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis (IFP) statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319 (1989). To authorize a litigant to proceed IFP, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to

pay such fees or give security therefor." *Id.* § 1915(a). The Plaintiff has done so in this case. However, the inquiry does not end here.

In assessing whether a plaintiff may proceed IFP, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013). Federal courts are also required to "check to see that federal jurisdiction is properly alleged." *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986); *see also Neitzke v. Williams*, 490 U.S. 319, 326 n.6 (1989).

Federal courts are courts of limited jurisdiction. U.S. Const. art. III, § 2; *see also Johnson v. U.S. Office of Pers. Mgmt.*, 783 F.3d 655, 660 (7th Cir. 2015). The plaintiff has the burden to establish subject matter jurisdiction. *See Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003). In civil actions, federal district courts most commonly exercise federal question jurisdiction or diversity jurisdiction over cases or controversies. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"). In the instant case, the Plaintiff has brought a libel or slander suit against the Defendants. Libel or

slander is a tort; hence Indiana law applies, and the Plaintiff must demonstrate diversity of citizenship in order to establish subject matter jurisdiction. *See Gintert v. Howard Publ'ns Co.*, 565 F. Supp. 829, 831 (N.D. Ind. 1983). The Plaintiff, however, has not sufficiently pleaded the Defendants' citizenship. The Plaintiff appears to be a citizen of Indiana, and therefore if either Defendant is also an Indiana citizen this Court lacks diversity of citizenship jurisdiction. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 89 (2005) (explaining 28 U.S.C. § 1332 requires complete diversity of citizenship between all plaintiffs and all defendants). In such a case, the Plaintiff may proceed with his libel or slander suit in state court, but cannot proceed in federal district court.

The Plaintiff may amend his Complaint to include (1) a federal claim, (2) the citizenship of the Defendants, or (3) both. If the Plaintiff wishes to invoke diversity of citizenship jurisdiction, the Plaintiff should also plead the amount in controversy. Because the Plaintiff has asserted state law claims over which this Court has no jurisdiction absent a showing of diversity, the dismissal of this Complaint will be without prejudice to the Plaintiff's right to refile his state law claims against the Defendants in a state court.

## CONCLUSION

For the foregoing reasons, the Court:

(1)     DENIES the Plaintiff's Motion for Leave to Proceed in forma pauperis [ECF No.2];

(2)     DISMISSES WITHOUT PREJUDICE the Complaint [ECF No. 1];

(3)     GRANTS the Plaintiff until May 4, 2018, to file an amended complaint, accompanied by a new Petition to Proceed Without Prepayment of Fees and Costs *or* the filing fee; and

3

(4) CAUTIONS the Plaintiff that if he does not respond by the above deadline, this case will be dismissed without further notice.

SO ORDERED on April 3, 2018.

                                             s/ Theresa L. Springmann
                                            CHIEF JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT